## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

STEVEN MCPHERSON,

     Plaintiff,

v.                                      Case No. 2:19-cv-2493

REEDY & COMPANY REALTORS, LLC, and
JAMES REEDY,

     Defendants.

## COMPLAINT UNDER THE FLSA

Plaintiff Steven McPherson, through his attorneys, bring this action against Defendants Reedy & Company Realtors, LLC and James Reedy under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

### I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

### A. Parties

2.     Plaintiff Steven McPherson is an adult resident of Southaven, Mississippi.

3.     Defendant Reedy & Company is a for profit corporation formed and organized under Tennessee state law and currently conducting business as a full service title company at 4701 Summer Avenue, Memphis, TN 38122.  At all relevant times herein, Defendant Reedy & Company was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4.     Defendant Reedy & Company is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5.     Defendant Reedy & Company is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant Reedy & Company has annual sales of not less than $500,000.

6.     James "Jim" Reedy is the president and co-founder at Reedy & Company.  At all times herein, Defendant Jim Reedy has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Reedy & Company in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rates. Defendant Jim Reedy is a resident of Eads, Tennessee.

**B. Factual Allegations**

7.     Plaintiff was employed by Defendants during the applicable statutory period. Plaintiff began his employment with Defendants in 2011 and was terminated on or about June 20, 2019.  During the applicable statutory period, Plaintiff worked for Defendants primarily performing non-office, warehouse management and maintenance duties.

2

8.      The FLSA requires covered employers, such as Defendants, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

9.      During the applicable statutory period, Plaintiff's primary duty was to stock and organize the warehouse, which housed construction tools and materials.  Plaintiff also performed some clerical tasks related to organizing invoices.

10.     For example, Plaintiff was tasked with stocking commonly used construction items, such as lightbulbs and electrical and plumbing materials, and would order these products, sometimes in bulk orders, to maintain adequate inventory.

11.     Plaintiff also special ordered supplies and equipment as directed by Defendant Jim Reedy and contractors for various renovation jobs.

12.     Under the direction of Defendant Jim Reedy and contractors, Plaintiff also purchased supplies as needed from hardware stores, such as Lowe's or Home Depot, and delivered them to work sites.

13.     Plaintiff typically worked between forty-five (45) and fifty (50) hours per week.

14.     During the applicable statutory period, Plaintiff's primary job duties were such that he should have been paid overtime compensation for all hours worked over forty (40) in a work week.  Apparently, Defendants misclassified Plaintiff as exempt from receiving overtime pay under the FLSA.  But, Plaintiff's job duties were such that he did not perform exempt duties during the applicable statutory period.  For example, he did not customarily and regularly direct the work of two (2) or more full-time employees of Defendants.  Also, Plaintiff did not have the authority

3

to hire or fire other employees, nor did Plaintiff ever recommend that Defendants' employees be fired or disciplined.

15.     Plaintiff's primary duties also did not require him to exercise discretion and independent judgment on significant business matters.  Any decision making regarding purchases, negotiating purchase contracts, binding the company with regard to lines of credit or discounts, or strategic consideration of vendors was directed and done by Defendant Jim Reedy.

16.     At the time of his termination, Plaintiff was paid $2,053.85 on a biweekly basis, which equates to $1,026.93 per week.  At this juncture, Plaintiff estimates that he has been illegally deprived of overtime compensation of at least $102.70 per week during the relevant time period, which totals $15,713.10.

17.     As a result of its actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff.

18.     Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

19.     The foregoing conduct on the part of Defendants constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that its compensation practices with respect to Plaintiff were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1.      Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

2.      Judgment against Defendants that their violations of the FLSA were willful;

3.      An equal amount to the overtime damages as liquidated damages;

4.      All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6.      Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7.      An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8.      For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – TN Bar #20269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilaw.com
           janelle@donatilaw.com

ATTORNEYS FOR PLAINTIFF

Dated: 8.2.19